IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FABRIZIO BISETTI,<br>*Plaintiff*,<br><br>v.<br><br>CITY OF AUSTIN, TEXAS, and BRENDAN MCMORRROW, in his individual capacity,<br>*Defendants*, | §<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 1:19-CV-00616-ML<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANT BRENDAN McMORROW'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT McMORROW'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE ANDREW W. AUSTIN:

NOW COMES Defendant, Brendan McMorrow, in the above styled and numbered cause and files this *Reply to Plaintiff's Response to Defendant McMorrow's Motion for Summary Judgment*. Defendant will respectfully show the following:

**1.** Bisetti's *Response* (Dkt. #36) fails to show that a material fact is in dispute as to any issue raised by Officer McMorrow in his motion for summary judgment and appears to be a last ditch effort to plead (albeit improperly) a cause of action which he never pled. First, Bisetti's *Response* wholly fails to even mount an argument and/or response to Officer McMorrrow seeking dismissal of the Bisetti's claims for punitive damages. Second, most – if not all – of Bisetti's *Response* centers around a claim for malicious prosecution, which he never pled nor supplied any factual allegations in his *Original Complaint*. As discussed below, Bisetti cannot, through a dispositive motion response, inject a wholly distinct and independent tort to attempt to defeat summary judgment. Third, Bisetti's *Response* fails to address, let alone provide evidence, that there was a lack of objective facts to support the arrest of Bisetti. Fourth, as to the complete lack of causation

for any damages related to Bisetti's ex-wife fleeing with his children and Officer McMorrow not being the cause of these damages, Bisettit's *Response* fails to address Bisetti's own party admissions that his wife fleeing was unforeseeable.

2.	When a plaintiff fails to respond to a claim in a defendant's motion for summary judgment, the claim is deemed abandoned. **See Black v. North Panola School Dist.**, 461 F.3d 584, 588 n. 1 (5th Cir. 2006). In this case, Officer McMorrow moved for summary judgment as to any of Bisetti's punitive damage claims. Nowhere in Bisetti's *Response* does he even attempt to controvert or argue that the punitive damage claims should not be dismissed. Since Bisetti has failed to respond to the argument that his punitive damage claims should be dismissed, Bisetti's claim for punitive damages should be deemed abandoned and dismissed by the Court.

3.	A claim which is not raised in the complaint, but rather, is raised only in response to a motion for summary judgment is not properly before the court. **Cutera v. Bd. of Supervisors of La. State Univ.**, 429 F.3d 108, 113 (5th Cir. 2005); **Fisher v. Metropolitan Life Ins. Co.**, 895 F.2d 1073, 1078 (5th Cir. 1990). District court's do not abuse their discretion when they disregard claims or theories of liability not present in the complaint and raised for the first time in a motion opposing summary judgment. **De Franceschi v. BAC Home Loans Servicing, L.P.**, 2012 WL 1758597, * (5th Cir. May 17, 2012). This rule also encompasses new factual theories supporting previously pleaded legal theories. *Id.* (*where breach of contract had been pled, Fifth Circuit held that the trial court properly dismissed plaintiffs' non-disclosure theory and improper-charge theory of breach of contract because those theories were nowhere to be found in complaint*); **see Green v. J.P. Morgan Chase Bank, N.A.**, 562 Fed. Appx. 238, 240 (5th Cir. 2014)(*Fifth Circuit affirmed trial court's refusal to consider new factual theory at the summary judgment stage*); **Benavides v. EMC Mortgage Corp.**, 2013 WL 416195, at *4 (S.D. Tex. Jan. 31, 2013)(*trial court*

*refused to consider new factual theory supporting previously pled cause of action and holding that claim was not properly before the court*).

In this case, Bisetti is attempting to lodge – in his *Response* – a claim and facts that he never pled in his *Original Complaint*. In his *Original Complaint*, Bisetti makes numerous factual allegations. **Dkt. #1, pp. 2-5.** The specific factual allegations included, but are not limited to, what led up to his arrest, what was purportedly stated by individuals, Officer McMorrow's testimony during divorce proceedings and that Officer McMorrow claimed he only made the arrest because APD required him to make an arrest in this situation. ***See Dkt. 1, pp. 2-5, para. 11, 12, 14, 18, 21, 22.*** Bisetti alleges he was falsely arrested, that Officer McMorrow knew he did not have probable cause to arrest him and that Officer McMorrow arrested him anyway in violation of his Fourth Amendment rights. **Id., p. 5, para. 36 & 38.** As to Bisetti's specific causes of action against Officer McMorrow, Bisetti alleges a Fourth Amendment false arrest claim pursuant to §1983 and claims that Officer McMorrow violated Bisetti's clearly established rights under the Fourth Amendment to be free from arrest without probable cause. **Id., p. 6, Section IVa & para. 44.**

However, Bisetti's *Response* asserts a cause of action and facts which he never pled. Bisetti's *Response* centers around allegations that Officer McMorrow knowingly provided false information to the magistrate and that he failed to provide the magistrate exculpatory information in the affidavit. ***See Dkt. #36, pp. 11-17.*** Bisetti cites to and relies upon *Winfrey v. Rogers*, 901 F.3d 483 (5th Cir. 2018) for the proposition that an officer violates the Fourth Amendment when the officer intentionally or recklessly provides false information in an arrest warrant. **Dkt. #36, p. 11.** Bisetti's reliance on *Winfrey* is misplaced because *Winfrey* is a <u>malicious prosecution</u> case. In *Winfrey*, the Fifth Circuit held that the plaintiff's claim was more like the tort of malicious

prosecution because the plaintiff was arrested through the *wrongful institution of legal process*. ***Winfrey v. Rogers***, 901 F.3d 483, 493 (5th Cir. 2018)(emphasis added).  In *Wallace v. Kato*, the United States Supreme made clear that false imprisonment consists of detention without legal process and that it ends once the victim becomes held pursuant to such process – for example by being bound over by a magistrate or arraigned on charges.  ***Wallace v. Kato***, 549 U.S. 384, 389 (2007).  Thereafter, unlawful detention forms part of the damages for the "entirely distinct" tort malicious prosecution which remedies detention accompanied, not by the absence of legal process, but by the wrongful institution of legal process.  ***Id.*** at 390.  Nowhere in Bisetti's *Original Complaint* does Bisetti assert a cause of action for the <u>distinct</u> <u>tort</u> of malicious prosecution nor does he even invoke any language referencing the wrongful institution of legal process which the Supreme Court in *Kato* expressly described.  In contrast, Bisetti's *Response* consists of him arguing as to what information was, or was not, given to the magistrate by Officer McMorrow which is a malicious prosecution claim – which he never pled.

To the extent Bisetti may attempt to argue or contend that he was not required to use the exact wording "malicious prosecution" or the "wrongful institution of legal process" in his complaint, this argument lacks merit.  A properly pleaded complaint must give fair notice of what the claim is and the grounds upon which it rests.  ***Ashcroft v. Iqbal***, 556 U.S. 662, 698-99 (2009).  A plain reading of Bisetti's *Original Complaint* shows his complaint is completely devoid of any facts which he now asserts in his *Response* alleging that Officer McMorrow provided false evidence to the magistrate or that he failed to provide exculpatory evidence to the magistrate. Bisetti cannot in his *Response* pursue a theory of liability based on facts that he never pled in his *Original Complaint* to defeat Officer McMorrow's summary judgment motion.  Since Bisetti's *Response* pursues a new previously unpled cause of action, and the *Response* fails to show that

Officer McMorrow did not have probable cause when he arrested Bisetti, Officer McMorrow's motion for summary judgment should be granted.

4.      As discussed above, Bisetti's *Response* is nothing more than an attempt to lodge a new claim and facts that he never pled.  Regardless of Bisetti's improper attempt to assert a new claim, even if he pled a malicious prosecution claim, his *Response* still fails to demonstrate a dispute of a material fact.  By responding to Bisetti's improperly asserted claim/argument, Officer McMorrow does not concede in any manner that Bisetti's newly asserted claims are properly before the Court.

Bisetti's first argument is that the affidavit submitted by Officer McMorrow contained a false statement when he swore that an assault had been committed.  **Dkt. #36, p. 12.**  Bisetti's *Response* then claims that this was a false statement because Officer McMorrow did not actually believe this was true.  **Id.**  First, Officer McMorrow's subjective personal opinions are irrelevant to the probable cause inquiry.  Second, even if his personal feelings and subjective interpretations were relevant, which Officer Morrow does not concede they were, he was not untruthful in his affidavit.  Bisetti's *Response* omits Officer McMorrow's testimony from the April 9, 2018 hearing. In this hearing, Officer McMorrow stated the following:

> "Her demeanor, based on the earlier call, and her reaction to that and some of the statements she made.  Her demeanor, as far as almost like – I don't' know what the right word is.  I left [felt] (sic) less that she was upset <u>about getting hit, or in pain from getting hit, or scared</u>; I felt more like as though – she this was a calculated response to his 911 call earlier, almost like a tit for tat to build up a case for later."
> **Dkt. #36-6, p. 18, ll. 1-9.  (emphasis added).**

Clearly, at the April 9, 2018 hearing, Officer McMorrow testified that Guvenc had gotten hit or was in pain from getting hit, but that his opinion was that she had made a calculated response to the 911 call.  While this was Officer McMorrow's personal opinion, he clearly testified as to her being struck.

Moreover, Officer McMorrow testified to the following during his deposition:

Question: You didn't believe she was hit. Correct?
McMorrow: I believe there was as physical confrontation, and at some point physical contact was made, and she claimed it caused her an injury.

He went on to testify to the following:

Question: Listen to my question, though, before you turn it. Do you believe that Fabrizio Bisetti hit (sic) wife with the back of a closed fist? Yes or no, sir.
(objections omitted)
McMorrow: I believe that the objective facts and circumstances I had at the scene that night led me to conclude that an altercation – a physical altercation had taken place and that she claimed that she had an injury. **(Dkt. #31-2, depo. p. 40, ll. 16-19, ll. 24-25, p. 41, ll. 1-3).**
*****
Question: All right. What facts or circumstances are you aware of that corroborate that – your testimony from Mr. Bisett's ex-wife that he hit her with the back of a closed fist?
McMorrow: The facts that I had were that he admitted to snatching her phone away.
Question: Uh-huh.
McMorrow: He admitted to a physical struggle to keep her phone from her, and she alleged he struck her. And while there, I did observe some redness to the right side of her face. **(Dkt. #31-2, depo. p. 14-24).**
*****
Question: You don't know whether or not Mr. Bisetti hit his wife. Yes, or no, incorrect.
McMorrow: I had probable cause to believe that a physical altercation had taken place, and throughout that, she had claimed an injury. I don't know all the specifics of that because I wasn't there.
Question: So you don't know. Right?
(objection omitted)
McMorrow: I don't know all the specifics of what happened in that physical altercation. (Dkt. #31-2, depo. p. 47, ll. 11-22).

Officer McMorrow further summarized the facts he had for probable cause for the arrest. They were that Bisetti snatched the phone from Guvenc, there was a physical confrontation or struggle, Guvenc alleged that Bisetti hit her with a closed fist and that there was some redness to Guvenc's face as some point while Officer McMorrow spoke to Guvenc. **Dkt. #32-1, depo. p. 50,**

**ll. 6-25, p. 51, ll. 1-2.** All of these facts were contained in the affidavit. Bisetti has failed to refute any of these facts which were the basis of Officer McMorrow's probable cause.

Bisetti's second argument is that Officer McMorrow failed to include how the redness to Guvenc's cheek appeared over time which Bisetti considered exculpatory information. This argument lacks merit for a couple of reasons. Under Texas law, the elements necessary to establish the offense of assault of a family member requires a "bodily injury" which includes "physical pain." Guvenc clearly complained of pain and this was included in the affidavit. Further, Officer McMorrow was not required to provide his personal speculation in the affidavit as to how the redness on Guvenc's face may have occurred.

To the extent Bisetti's *Response* also claims that Officer McMorrow failed to include in the affidavit his subjective opinion that Guvenc called the police to improve her position in a potential child custody dispute and that he believed Guvenc was still intoxicated and that she had lied about being intoxicated earlier, these are nothing more than speculative assumptions and irrelevant information. Simply stated, Officer McMorrow was not required to detail his speculative thoughts on Guvenc's motives. Further, the fact that Guvenc may have been intoxicated and was claiming she was really sick from food poisoning is not relevant to the issue of whether or not she was the victim of an assault.

5. Bisetti's *Response* basically failed to respond to Officer McMorrow's evidence that the objective evidence, which was contained on the video recording, showed that probable cause existed. There must not even arguably be probable cause for the arrest for immunity to be lost. ***Brown v. Lyford***, 243 F.3d 185, 190 (5th Cir. 2001). If officers of reasonable competence could disagree on whether or not there was probable cause to arrest a defendant, immunity should be recognized. ***Gibson v. Rich***, 44 F.3d 274, 277 (5th Cir. 1995). In his motion, Officer McMorrow

set forth 16 separate facts which supported the existence of probable cause. **Dkt. #32.** All of these facts were taken from the video recordings of Officer McMorrow's body worn camera. Whether certain facts establish probable cause or are such that officers of reasonable competence could disagree on whether they do presents a question of law. ***Blackwell v. Burton***, 34 F.2d 298, 305 (5th Cir. 1994). Bisetti has failed to contest or show that these facts did not exist. Moreover, Bisetti has failed to explain or argue that an officer provided with these facts could not have found probable cause for the arrest. Therefore, probable cause existed for the arrest and Officer McMorrow's motion should be granted.

At best, in an apparent attempt to address the issue of probable cause, Bisetti cites to Jeffrey Noble's affidavit (Bisetti's retained expert) – which is not competent nor admissible evidence[1] - to make the statement that facts existed for any reasonable officer to "disbelieve Ms. Guvenc. **Dkt. #36, p. 17.** Bisetti then quotes from Noble's affidavit about Officer McMorrow's subjective beliefs and that Officer McMorrow withheld objective information from the magistrate. First, Noble's conclusory statement about what a reasonable police officer may do are legal conclusions and speculative. Second, Noble's affidavit is directed to the un-pled malicious prosecution claim and what information was not provided to the magistrate. As has been fully discussed above, this claim was never pled and cannot be a basis to deny Officer McMorrow's motion.

6.      In response to Officer McMorrow's motion that Bisetti does not have any evidence that Officer McMorrow was the cause in fact that Guvenc would leave the country with their children or that it was foreseeable that Guvenc would leave and was thus not the proximate cause of such damages, Bisetti's *Response* fails to provide any competent evidence to show a material fact.

---

[1] See Defendant McMorrow's objections to Bisetti's summary judgment evidence which is being filed simultaneously with the filing of this Reply.

First, Bisetti's *Response* cites to Texas law regarding foreseeability. None of these cases are controlling for this Court. In fact, federal courts can determine at the summary judgment stage whether proximate cause exists. **See Berry v. E-Z Tech Trench Mfg., Inc.**, 772 F.Supp.2d 757, 760-61 (S.D. Miss. 2011). Second, Bisetti's *Response* fails to address the evidence presented by Officer McMorrow that Bisetti himself admitted that it was unforeseeable that Guvenc would leave the country with their children. **Dkt. #32, Ex. F, p. 104, ll. 25, p. 105, ll. 1-12.** Additionally, the summary judgment evidence presented by Officer McMorrow showed that Guvenc had never mentioned anything about going back to Turkey prior to the incident that night. **Id., Ex. F, p. 39, ll. 17-24.** Guvenc had not mentioned going back to Turkey with their children. **Id., Ex. F, p. 104, ll. 4-15.** Bisetti further admitted that the thought of Guvenc going back to Turkey on the night of the event had never crossed his mind. **Id., Ex. F, p. 104, ll. 16-18.** Bisetti's *Response* does nothing to counter any of these admissions by Bisetti. In short, if it was not foreseeable to Bisetti – the husband of Guvenc – that she would leave the country, there can be no basis that it would be foreseeable to Officer McMorrow that Guvenc would flee the country with their children.

Instead, Bisetti argues that it was foreseeable to Officer McMorrow "that losing possession" of his children was foreseeable. **Dkt. #36, p. 19.** However, "losing possession" in a custody dispute is wholly different than it being foreseeable that Guvenc would flee from the country with their children. Additionally, Bisetti's citations to Guvenc making statements about child custody and a divorce to Officer McMorrow are not evidence showing that it was foreseeable she would flee the country. Since Bisetti has failed to present any competent evidence that it was foreseeable that Guvenc would flee the country, any claim for any damages that Bisetti may have incurred because of her flight should be dismissed.

Respectfully Submitted,

FITZPATRICK & KOSANOVICH, P.C.
P.O. Box 831121
San Antonio, Texas 78283-1121
(210) 408-6793
(210) 408-6796 – Facsimile
mk@fitzkoslaw.com

\_\_\_\_/s/_____
MARK KOSANOVICH
Attorney at Law
SBN: 00788754
Attorney for Brendan McMorrow

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of July 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Jeff Edwards<br>jeff@edwards-law.com<br>Scott Medlock<br>scott@edwards-law.com<br>Michael Singley<br>mike@edwards-law.com<br>David James<br>david@edwards-law.com<br>Edwards Law<br>1101 East 11th Street<br>Austin, Texas  78702<br><br>Kristine Etter<br>Kristin@sg-llp.com<br>David Gonzalez<br>david@sg-llp.com<br>Sumpter & Gonzalez, L.L.P.<br>3011 North Lamar, Suite 200<br>Austin, Texas  78705<br><br>H. Gray Laird III<br>City of Austin – Law Department<br>P.O. Box 1546<br>Austin, Texas  78767-1546<br>gray.laird@austintexas.gov | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>_____/s/_____<br>MARK KOSANOVICH |